Filed 12/10/13  Smith v. Orange Unified School Dist. CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| PAMALA SMITH, | |
| Plaintiff and Appellant, | G048333 |
| v. | (Super. Ct. No. 30-2012-00545841) |
| ORANGE UNIFIED SCHOOL DISTRICT et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from a judgment of the Superior Court of Orange County, Linda S. Marks, Judge.  Affirmed.

Law Office of Steven Bassoff and Steven B. Bassoff for Plaintiff and Appellant.

Parker & Covert, Jonathan J. Mott and Steven Montanez for Defendants and Respondents.

\*          \*          \*

Plaintiff Pamala Smith filed a petition for writ of mandate pursuant to Code of Civil Procedure section 1085, challenging her layoff from her position as a Senior Secretary, arguing she had seniority over two other employees whom, she claimed, had been improperly reclassified. The trial court ruled in favor of defendants Orange Unified School District and the Board of Education of Orange Unified School District, finding plaintiff did not exhaust her administrative remedy by timely filing a grievance and failed to rebut an arbitrator's ruling her grievance was filed untimely.

Plaintiff asserts she had no administrative remedy and thus was not required to file a grievance and also that defendants breached their statutory duty in reclassifying the two employees.

The trial court correctly ruled plaintiff had an administrative remedy, i.e., filing a grievance, and her failure to timely exercise it barred a remedy pursuant to her writ petition. Consequently we affirm the judgment.

## FACTS AND PROCEDURAL HISTORY

Plaintiff as an employee of defendants is a member of the California School Employees Association (Union) and subject to a collective bargaining agreement (CBA). The CBA includes provisions describing guidelines for determining seniority and setting out layoff procedures.

Plaintiff was first employed by defendants in March 1993. In January 2007 she was promoted and classified as a Senior Secretary. She remained in that position through June 29, 2010, when she was laid off from that classification, and was given the position of Instructional Assistant, which resulted in a decrease in pay. On the day she was laid off plaintiff attended a meeting where Jamie Brown, the Executive Director of Human Resources, provided information regarding seniority and explained who was laid off based on seniority.

At the time plaintiff was laid off two other employees, Ellen Gomez and Doreen Kearns, each classified as a Senior Secretary, retained their positions, despite the

2

fact they had attained that classification after plaintiff. After inquiring from defendants and the Union, plaintiff learned that each woman had been reclassified as a Senior Secretary and retained seniority based on their original respective hire dates. Both had been hired before plaintiff and thus were and are senior to her despite the fact she had become a Senior Secretary before either of them.

The CBA provides that grievances must be filed within 30 days of the member's knowledge of the act giving rise to the grievance. On September 20, 2010 plaintiff filed two grievances with defendants, which stated that 33 employees, including Gomez and Kearns, "were given adjusted dates of entry for time worked in another lower job classification" and apparently "promoted to higher job classification[s]" without complying with several provisions of the CBA, "result[ing] in an erroneous seniority list for numerous job classifications."[1] On October 20 defendants rejected the grievances for several reasons, including untimeliness.

In November, the Union, on plaintiff's behalf, inquired as to the basis for reclassification and provided that information to plaintiff in December. Plaintiff then filed a second grievance on December 17. That grievance stated the purported reclassification of Kearns was in fact a promotion, in violation of the CBA. It sought to have Kearns's date of entry as a Senior Secretary changed. Plaintiff also asked to be restored to her position as Senior Secretary. Defendants denied that grievance as well because, among other things, it was time barred.

In February 2012, plaintiff filed the petition for writ of mandate that is the subject of this appeal. Plaintiff relied on Education Code section 45101, subdivision (f) (45101(f)), which defines reclassification. She alleged this section imposed substantive duties on defendants to properly reclassify employees. The petition pleaded the reclassifications of Kearns and Gomez did not fall within the definition of reclassification

---

[1] Plaintiff does not direct us to the actual grievance in the record. She cites to an arbitrator's subsequent award, discussed below, that quoted the grievance.

3

and were, in effect, promotions. With a reclassification, the seniority of Gomez and Kearns related back to their original hire dates whereas had they been promoted, seniority would commence with the date they assumed their Senior Secretary positions. According to the petition, at the time she was laid off plaintiff actually had seniority over Gomez and Kearns based on the dates each became a Senior Secretary. Plaintiff sought a writ ordering defendants to "rescind the reclassifications" of Gomez and Kearns, "restore [her] seniority" and reinstate her as a Senior Secretary, and reimburse her for back salary and benefits.

Shortly after the writ petition was filed plaintiff's second grievance went to binding arbitration. The parties stipulated the sole issue was whether the December 2010 grievance had been timely filed. In a lengthy written opinion the arbitrator concluded it was not. Based on evidence presented he found plaintiff knew or should have known facts sufficient "which gave rise to" the December grievance more than 30 days prior to its filing.

In connection with the petition for writ of mandate, after taking evidence and hearing argument, the court denied the petition. It found the claim was barred because plaintiff failed to exhaust her administrative remedies by timely filing a grievance pursuant to the CBA.

The court also ruled section 45101(f) did not impose any substantive duties but was merely a definition. It noted plaintiff did not "challeng[e] the constitutionality or legality of" that statute but questioned her layoff based on a miscalculation of seniority, arguing she had seniority over other employees in her classification and one of them should have been laid off instead of her. The court found this claim was encompassed by the grievance procedure.

The court explained that to the extent the arbitration fulfilled the requirement to file a grievance, the arbitrator found plaintiff's grievance was untimely. Plaintiff failed to demonstrate that decision was incorrect. Finally, the court ruled it did

4

not have jurisdiction to decide whether plaintiff was entitled to recover back pay and benefits.

## DISCUSSION

Plaintiff disputes the trial court's ruling that her real complaint centers on her layoff. She instead focuses on what she claims is the wrongful reclassification of Gomez and Kearns. She argues a challenge to reclassification does not fall within the purview of the CBA and thus she was not required to file a grievance. We disagree.

Plaintiff's basic complaint is that she should not have been laid off because she had or should have had more seniority than Gomez and Kearns. Seniority and layoffs are covered by Article 14 of the CBA.

Article 14, section 14.210 of the CBA states: "Whenever a classified employee is laid off, the order of layoff within the class shall be determined by length of service. The employee who has been employed the shortest time in the class, plus higher classes, shall be laid off first." Class within that section means classification. (CBA, Art. 14, § 14.221.) Section 14.300, paragraph 3 provides: "For layoff purposes, seniority will be determined by entry date within that classification or related predecessor classification." In addition, there is a detailed scheme in the CBA to calculate which employees are to be laid off, in what order, and how layoffs are carried out. (CBA, Art. 14.)

Article 4, section 4.100 of the CBA defines a grievance as "an allegation by a unit member regarding a violation or misapplication of the specific provisions of [the CBA] when such application or violation has adversely affected the unit member." If a member claims a provision of the CBA has been "violat[]ed or misappli[ed]" to his or her detriment (*ibid.*), the member must file a written grievance "[w]ithin . . . 30 days of when the grievant knew or reasonably should have known of the act or omission which gave rise to the grievance . . . " (CBA, Art. 4, § 4.210).

5

Here, plaintiff did not file her grievances until September and December 2010, well after her layoff in June. Defendants denied the first grievance as untimely and plaintiff did not question that ruling. The arbitrator found the December grievance was not timely filed. Plaintiff did not challenge this decision in the trial court or on appeal.

Where a collective bargaining agreement includes a grievance procedure, a party must avail of it before filing an action. (*Farahani v. San Diego Community College Dist.* (2009) 175 Cal.App.4th 1486, 1496.) Exhaustion is "a procedural prerequisite to judicial action. [Citations.]" (*Ibid.*) The finding of untimeliness is the equivalent of a failure to file a grievance at all. This bars plaintiff's writ petition.

Plaintiff claims her challenge is to the alleged improper classification of Gomez and Kearns. She points to language in section 4.100 of the CBA that exempts from the grievance process "[a]ctions to challenge or change the policies, regulations or other matters outside of [the CBA]," which states "review must be taken under separate processes." Plaintiff claims reclassification falls within this exemption, thus relieving her of a duty to file a grievance. But her action is not a challenge to policies outside the CBA.

Plaintiff relies on section 45101(f), which defines reclassification as "the upgrading of a position to a higher classification as a result of the gradual increase of duties being performed by the incumbent in such position." Plaintiff claims this section imposes a substantive duty on defendants to reclassify employees in accordance with the definition. Although not clearly articulated, plaintiff argues defendants violated that duty when it reclassified Gomez and Kearns as Senior Secretaries because they had not performed any of the duties of that position before their reclassifications.

But section 45101(f) is merely a definition. There is nothing in the language of the statute to suggest it imposes substantive duties. The title of Education Code section 45101 is "Definitions." The first sentence of the section states:

"Definitions as used in this chapter."  Plaintiff fails to cite any authority that a definition imposes a duty, either in general or in this particular case.

The testimony of Brown, the human resources director, that defendants were required to comply with section 45101(f) when reclassifying employees does not affect our decision.  The meaning of a statute is a legal question.  (*Western States Petroleum Assn. v. Board of Equalization* (2013) 57 Cal.4th 401, 437.)  And, in deciding it, we are not bound by the opinion of a witness.

In sum, because plaintiff's challenge was to her layoff based on seniority, an issue covered by the grievance procedure set out in the CBA, and plaintiff failed to timely file such a grievance, she did not exhaust her administrative remedy and thus has not satisfied the prerequisite to filing her writ petition.

## DISPOSITION

The judgment is affirmed.  Defendants are entitled to costs on appeal.



THOMPSON, J.

WE CONCUR:


O'LEARY, P. J.


BEDSWORTH, J.


7